IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

UNITED STATES OF AMERICA

v.                                                CRIMINAL NO. 5:07cr7DCB-LRA

KEVIN DEWAYNE WILLIAMS                                        DEFENDANT

RESENTENCING ORDER

For the reasons set forth herein and pursuant to Federal Rule of Criminal Procedure 35(a), the Court sua sponte hereby corrects a sentence which this Court imposed upon defendant  Kevin Dewayne Williams on March 18, 2008.

At all times pertinent the defendant was an officer and employee of the Vicksburg, Mississippi Police Department.  For reasons which are unclear to the Court, law enforcement officials in Warren County, Mississippi, suspected that defendant Williams may have been aware of allegations concerning a bribe which was purportedly paid by a convicted felon to a law enforcement official. Speculation that Williams knew of this earlier scheme apparently led law enforcement officials to inquire of Williams as to whether he would be interested in protecting shipments of crack cocaine through Warren County in exchange for five hundred dollars ($500.00) per kilogram. Williams expressed interest, and on February 21, 2003, he participated in protecting a movement of what he perceived to be five (5) kilograms of cocaine through Warren County in exchange for two thousand five hundred dollars ($2500.00).  On May 15, 2003, defendant Williams escorted another courier vehicle through the county, protecting ten (10) kilograms of purported cocaine in exchange for five thousand dollars ($5000.00).

1

Kevin Dewayne Williams was charged in a two-count indictment filed in the Southern District of Mississippi, Western Division on March 6, 2007. Count 1 of the indictment charges that from November 14, 2002, and continuing through May 16, 2003, in Warren County, Mississippi, the defendant knowingly and willfully did attempt to commit extortion which affected commerce as that term is defined in 18 U.S.C. § 1951(b)(2) and (3), and 21 U.S.C. § 801(3). On October 30, 2007, the defendant entered an open plea as to Count 1 of the indictment and sentencing was scheduled for March 18, 2008.

Prior to sentencing and at the sentencing hearing, the defendant objected to paragraph seventeen (17) of the presentence investigation report in which the cross-reference provision of U.S.S.G. § 2C1.1(c) requires that the guideline for the distribution of controlled substances should be used if the instant offense was committed for the purpose of facilitating the commission of another criminal offense. The Court found that under § 2C1.1(c) the subject offense was committed for the purpose of facilitating the commission of another criminal offense and that the offense guideline applicable to a conspiracy to commit the other offense should be applied since the resulting offense was greater than that previously determined. The Court found that the computations pursuant to U.S.S.G. § 2D1.1 should be applied for calculation purposes. Applying U.S.S.G.§ 2D1.1(c)3, the base offense level for this defendant was thirty-four (34) inasmuch as the defendant's criminal activity involved fifteen (15) kilograms of cocaine.   Two levels were added because the defendant possessed a dangerous weapon; two levels were added because the defendant abused a position of trust; and there was a two level decrease based upon the defendant's acceptance of responsibility. With an adjusted level of thirty-six (36) and a criminal history category of one (1), the guideline range for imprisonment calculated by the Court was one hundred eighty-eight (188) to two hundred

thirty-five (235) months.  The Court imposed a sentence of one hundred eighty-eight (188) months.

On the day of the sentencing and immediately prior thereto, defense counsel submitted certain documents which the Court did not have the opportunity to carefully review, including several reports and evaluations pertaining to the defendant's military service. On the day of the defendant's sentencing, the Court had approximately six other matters on its docket and these belated submissions were not considered with the degree of scrutiny given to information which is timely submitted.

Prior to imposing the sentence, the Court considered objections to the presentence report voiced by Honorable Sanford Knott for and on behalf of his client, Kevin Dewayne Williams, and also considered allocution comments expressed by the defendant and said counsel. In addition, the Court considered various factors which could affect the sentence imposed, including all statutory factors set forth in 18 U.S.C. § 3553(A) and all subsections thereto. In addition to the sentencing colloquy which is a part of the record, the Court met with probation officers to discuss what the Court considered to be an overly punitive minimum guideline sentence of one hundred eighty-eight (188) months. Based upon findings which are clearly set forth in the record, the Court came to the conclusion that there were insufficient grounds for a departure below the advisory guidelines. In retrospect and having carefully reconsidered the matter sua sponte together with the information belatedly submitted, the Court is of the opinion that it erred in concluding that a sentence below the advisory guideline minimum was inappropriate. For the reasons set forth herein below, the sentence imposed on March 18, 2008, is vacated and the following sentence is rendered.

Based upon an offense level of thirty-six (36) and a criminal history category of one (1) the guideline range for imprisonment is one hundred eighty-eight (188) to two hundred thirty-five (235)

months, just as the Court found on March 18, 2008. The Court, having reconsidered the matter and having considered the advisory guideline computations and all sentencing factors under 18 U.S.C. § 3553(A) and the original sentence being hereby vacated, it is the sentence of the Court that the defendant Kevin Dewayne Williams serve a term of one hundred twenty (120) months imprisonment in the custody of the United States Bureau of Prisons. Following imprisonment, a three (3) year term of supervised release is imposed, subject to the standard and mandatory conditions  listed on the Judgment Order, and all special conditions originally imposed are hereby reimposed, to wit:

   a.    The defendant shall submit any requested business or financial information to the U.S.
         Probation Officer and is prohibited from incurring any new debts or opening any additional
         lines of credit without the prior approval of the Probation Officer.

   b.    The Court finds the defendant does not have the ability to pay an immediate fine within the
         guideline range in addition to restitution; therefore, no fine is ordered.

   c.     It is further ordered defendant pay a special assessment fee of $100, which shall be due
         immediately.

   In support of this resentencing the Court finds as follows:

1.

   The defendant urged the Court to consider his military record. In response, the Court considered the nature of the crime and concluded that defendant Williams may be more of a liability than an asset to the Department of the Army inasmuch as he was convicted of extortion. Upon reconsideration, however, the Court is of the opinion that the defendant's military service should be considered as a mitigating factor in regard to his sentence. The defendant served in the United States Army from June 1989 until September 1991 and was stationed in Germany. Receiving an honorable discharge, he returned to the United States to attend college. Although his re-enlistment in 2005 was subsequent to his criminal conduct, he had not yet been charged. He served until his arrest in 2007,

and he was prepared to accompany his unit which was deployed to Iraq in January 2008.

There are several other factors that the Court unfortunately did not consider at sentencing. The indictment in this case charged crimes which occurred in 2002 and 2003, some four years prior to the indictment and conviction. Of course, it is possible that Williams entered the military for the second time in 2005 for the purpose of either avoiding criminal prosecution or mitigating a sentence after conviction. Nevertheless,  it is a fact that Williams obtained the rank of Sergeant and submitted at sentencing a number of letters, one of which was from Sergeant Ballard, a fellow soldier who commended Williams for his performance of military duties. Also submitted were evaluation reports indicating that the defendant served as a team leader for a combat support military police company where he conducted himself in accordance with standards promulgated by the United States Army and was rated "among the best" in one evaluation. In reconsideration of the sentencing, the Court is now of the opinion that the defendant's service to his country before the indictment should be considered as a mitigating factor and that his service after the criminal conduct should also be considered, as  well.

The Court refers to advisory guideline 5K 2.19 - departure for post-sentencing rehabilitative efforts as well as to commentary in regard thereto. At sentencing, the Court failed to consider the fact that a number of Circuits have held that  post-offense  rehabilitation may be a basis for departure. This Court recognizes the distinction between these two concepts. Having now carefully considered the information which was presented by counsel immediately before sentencing, the Court is of the opinion that the defendant's re-entry into the military in 2005 as well as his honorable service are post-offense factors which, together with others herein addressed, warrant a downward variance.

Another matter which the Court has considered in the sentence reduction is the fact that

5

Williams is in a criminal history category of one (1) without any criminal history points, and lacks any juvenile adjudications or adult criminal convictions. Moreover, the circumstances preceding the criminal conduct merit consideration. There is no evidence that Williams was involved in any criminal activity prior to the offense conduct. The Sheriff's deputy who set up the sting operation was informed that Williams may have been aware of one or more previous incidents of criminal conduct within the law enforcement community, but there is absolutely no evidence that Williams participated in or condoned these activities. It was based upon this suspicion, however, that Williams was approached by a deputy who invited Williams to protect shipments of cocaine through Warren County in exchange for money.  Moreover, and perhaps more importantly, it is meaningful that after participating in two shipments in the 2002-03 time period, Williams stated that he voluntarily withdrew from this criminal activity. There is nothing before the Court to indicate otherwise. For reasons unknown to the Court, not until March 2007 was Williams was arrested and formally charged. The defendant's apparent voluntary disassociation with this criminal conduct, together with a clean record following the 2002-03 time period, is a factor the Court should have considered  at sentencing and one which the Court now weighs in favor of this defendant.

2.

Although there is evidence that, as a police officer, the defendant was in possession of his law enforcement firearm at the time of the incident, there is no evidence of an attempted use of the weapon nor is there any evidence of violence. Moreover, there is no evidence that this defendant ever possessed any controlled substances. His wife, Sandra E. Williams, is presently an officer with the Vicksburg Police Department and  is very supportive of her husband who has three children by prior relationships, all of whom are supported by defendant Williams. Family circumstances and

responsibilities are factors which can be considered, and the facts that he is supportive of his children and prior to his arrest was a law abiding citizen living in a comfortable home environment are also noteworthy.

3.

Another factor that the Court may consider is whether or not the offense conduct constitutes aberrant behavior. Most certainly it does. There is no evidence that this defendant either as an adult or an adolescent previously engaged in any type of criminal conduct. His agreement to escort drug couriers through Warren County, Mississippi, although both egregious and inexplicable,  is also a remarkable departure from his other life activities and incongruent with a conventional law- abiding lifestyle which preceded the offense conduct.

Having considered the nature and circumstances of the offense, together with the history and characteristics of the defendant, the Court also must consider the seriousness of the offense together with the need to administer punishment which will adequately deter others from similar criminal conduct. By so doing, the public will be protected from further crimes of this defendant and from other defendants as well.

This defendant is thirty-seven (37) years of age, and by the time of his release with a sentence of one hundred twenty (120) months he will be nearing the end of his productive years and will never be allowed to re-enter the field of law enforcement and take advantage of his college courses in criminal justice. It is the opinion of the Court, upon reconsideration, that a one hundred twenty (120) month sentence accomplishes all of the objectives of the advisory sentencing guidelines and fully complies with the spirit of those factors set forth in 18 U.S.C. §3553(A) et seq.  Notwithstanding the reduction, a one hundred twenty (120) month sentence is a very serious commitment by any standard,

and one which will serve to deter others, adequately punish this defendant, and protect the public.

WHEREFORE,  the Court having imposed a sentence based upon insufficient consideration of information belatedly provided by counsel as well as upon other relevant factors, and being of the opinion that the sentence was clearly erroneous, the sentence is hereby corrected as herein stated, pursuant to Federal Rule of Criminal Procedure 35(a).

SO ORDERED this the   24th  day of March, 2008.


            s/ David Bramlette
            UNITED STATES DISTRICT JUDGE

8