UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI,
WESTERN DIVISION

UNITED STATES OF AMERICA

VERSUS                                CRIMINAL ACTION NO. 5:07cr7-DCB-LRA

KEVIN DEWAYNE WILLIAMS                                           DEFENDANT

## ORDER

This matter comes before the Court on the defendant Kevin Dewayne Williams's Motion for Appeal Bond [**docket entry no. 24**]. Having considered the Motion, the government's Response thereto, applicable statutory and case law, and being otherwise fully advised in the premises, the Court finds and orders as follows:

On March 6, 2007, the defendant Kevin Dewayne Williams was indicted for attempting to commit extortion affecting commerce in violation of 18 U.S.C. § 1951(a). On October 30, 2007, Williams entered a guilty plea on the charged offense. On March 18, 2008, this Court sentenced Williams to 188 months imprisonment to be followed by 3 years of supervised release. On March 25, 2008, this Court entered a Resentencing Order [docket entry no. 19] whereby the Court resentenced the defendant to 120 months imprisonment and 3 years of supervised release.

On March 27, 2008, the defendant filed his Notice of Appeal [docket entry no. 22] of the Court's Resentencing Order. On April 11, 2008, Williams filed his Motion for Appeal Bond [docket entry no. 24], which is now before the Court.

In his Motion, the defendant asks to be set free on bond during the pendency of his appeal.  Williams assures the Court that he is not a flight risk and poses no danger to the community.  The defendant also declares that his appeal is not for purposes of delay and actually raises a substantial question of law or fact likely to result in reversal of his sentence.  More specifically, Williams posits that the Court incorrectly applied U.S.S.G. § 2C1.1(c)(1) when it sentenced him under the cross reference to U.S.S.G. § 2D1.1, thereby setting his base offense level at 34.[1]  According to the defendant, the Court "linguistically applied" § 2C1.1(c) correctly but the resulting 12 level increase in his base offense level (from 22 to 34) was "procedurally unreasonable." (Mot. App. Bond ¶ 7.)  Moreover, argues the defendant, he was denied due process of law under the Fifth Amendment because he "had no opportunity to defend against the conspiracy charge."  (Mot. App. Bond ¶ 8.)  Williams finally urges that the 120 month sentence imposed by the Court was substantively unreasonable and that the Court did not give enough consideration to his post-offense rehabilitation, including his military service in Iraq.

---

[1] Section 2C1.1(c)(1) provides that "[i]f the offense was committed or the purpose of facilitating the commission of another criminal offense, apply the offense guideline applicable to a conspiracy to commit that other offense, if the resulting offense level is greater than that determined above."  In this case, the Court found the subject offense was committed for the purpose of facilitating the distribution of 15 grams of cocaine.  Under § 2D1.1(a)(3) and (c), the base offense level for conspiracy to distribute 15 grams of cocaine is 34.

Title 18 U.S.C. § 3143(b)(1) provides in relevant part:

> Except as provided in paragraph (2), the judicial officer shall order that a person who has been found guilty of an offense and sentenced to a term of imprisonment, and who has filed an appeal or a petition for a writ of certiorari, be detained, unless the judicial officer finds-
>
>> (A) by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released under section 3142(b) or (c) of this title; and
>>
>> (B) that the appeal is not for the purpose of delay and raises a substantial question of law or fact likely to result in
>>
>>> (i) reversal,
>>> (ii) an order for a new trial,
>>> (iii) a sentence that does not include a term of imprisonment, or
>>> (iv) a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process.

The Court will assume arguendo that the defendant is not likely to flee and does not pose a danger to the safety of another person or the community.  While the Court has no reason to believe at this time that the defendant's appeal is being interposed for the purpose of delay, the Court is unable to find that the defendant's appeal raises a substantial question of law or fact likely to result in reversal, a sentence that does not include a term of

imprisonment, or a reduced sentence of a term of imprisonment less than the total time the defendant will have served once the appeal process concludes.

The Court, having reviewed the sentencing guidelines thoroughly in this case multiple times, is satisfied that it applied the correct offense level to the defendant's crime pursuant to U.S.S.G. §§ 2C1.1(c)(1) and 2D1.1.  The Court also finds no merit to the defendant's contention that he was denied due process of law because he was sentenced under the cross-reference guideline for conspiracy to distribute cocaine.  Lastly, the defendant is gravely mistaken when he argues that the Court did not give sufficient consideration to his post-offense rehabilitation. Indeed, the Court's Resentencing Order in which it reduced the defendant's sentence to 120 months (well below the 188-to-235 month guideline range for the charged offense) is predicated primarily upon the Court's consideration of the sentencing factors in 18 U.S.C. § 3553(A) and contains an extensive discussion of the defendant's post-offense rehabilitation vis-`a-vis his military service in Iraq.

Accordingly, because the Court finds that Williams has failed to raise a substantial question of law or fact in his appeal which is likely to result in one of the outcomes enumerated in 18 U.S.C. § 3143(b)(1)(B)(i-iv),

**IT IS HEREBY ORDERED** that the defendant Kevin Dewayne

Williams's Motion for Appeal Bond [**docket entry no. 24**] is **DENIED**.

**SO ORDERED,** this the   24th   day of April 2008.

                                        s/ David Bramlette
                                   **UNITED STATES DISTRICT JUDGE**