IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

UNITED STATES OF AMERICA

VS.                                    CRIMINAL NO. 5:07-cr-7(DCB)(LRA)
                                        CIVIL NO. 5:10-cv-34(DCB)

KEVIN DEWAYNE WILLIAMS

MEMORANDUM OPINION AND ORDER

This cause is before the Court on the defendant Kevin Dewayne Williams' motion to vacate sentence pursuant to 28 U.S.C. § 2255 (**docket entry 38** in criminal no. 5:07-cr-7).  Having carefully considered the motion and the United States' response, as well as the memoranda of the parties and the applicable law, the Court finds as follows:

In order to prevail on a motion to vacate, set aside, or correct his sentence under Title 28 U.S.C. § 2255, the movant must show one of the following: (1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the Court was without jurisdiction to impose the sentence; (3) the sentence was in excess of the maximum authorized by law; or (4) the sentence is otherwise subject to collateral attack.  United States v. Addonizio, 442 U.S. 178, 185 (1979); United States v. Placente, 81 F.3d 555, 558 (5th Cir.1996).  Relief requested under § 2255 "is reserved for transgressions of constitutional rights and for that narrow compass of other injury that could not have been raised on direct appeal and would, if condoned, result in a complete

miscarriage of justice." <u>United States v. Capua</u>, 656 F.2d 1033, 1037 (5th Cir. 1981).

The defendant was indicted in this matter on March 6, 2007. Count 1 of the indictment charged the defendant with extortion under Section 1951(a), Title 18, United States Code.  Count 2 of the indictment was a forfeiture count.  On October 30, 2007, Williams entered an open plea of guilty to Count One of the indictment in this matter without the benefit of a plea agreement with the government.  On March 18, 2008 the Court sentenced the defendant to 188 months of imprisonment, to be followed by a three year term of supervised release, and ordered him to pay a special assessment.

On March 25, 2008 the Court re-sentenced the defendant to 120 months of imprisonment, to be followed by a thee year term of supervised release, and ordered him to pay a special assessment. The judgement of sentence was filed of record on April 30, 2008. After the defendant was sentenced by the court, the defendant, through his attorney of record, Sanford Knott, filed a notice of appeal.  One of the bases for this appeal was the Court's application of the cross reference under USSG §2C1.1(c)(1).  This cross reference caused the defendant's base offense level to be determined by the amount of cocaine he was alleged to have protected.  On July 2, 2009, The Fifth Circuit Court of Appeals issued and order affirming this Court's sentence.

The defendant has now filed a Motion Under Title 28, United States Code, Section 2255 to Vacate, Set Aside, or Correct Sentence.   Williams raises a claim which revolves around his counsel's alleged ineffectiveness concerning his plea and also at his sentencing hearing.   Normally, "any deficiencies in counsel's performance must be prejudicial to the defense in order to constitute ineffective assistance under the Constitution." Strickland v. Washington, 466 U.S. 668, 692 (1984).   In order to establish prejudice, a convicted defendant "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.   A reasonable probability is a probability sufficient to undermine confidence in the outcome."   Id. at 694.   Accord Smith v. Puckett, 907 F.2d 581, 584-585 (5th Cir. 1990).   A failure to establish either of the Strickland prongs makes it unnecessary to examine the other.   Buxton v. Lynaugh, 879 F.2d 140, 142 (5th Cir. 1989).

> [A] court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies. The object of an ineffectiveness claim is not to grade counsel's performance.   If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed.

Strickland, 466 U.S. at 697.

The defendant first argues that his guilty plea was not knowingly and voluntarily made because his counsel advised him that his guideline range would be fifteen to twenty one months.   This

assertion by the defendant is contrary to his counsel's recollection. The defendant's counsel at the time, Sanford Knott, states that prior to the defendant's plea of guilty, he advised the defendant about the sentencing guidelines and specifically about the cross reference in "§2C1.1(a), its applicability to his case, and the amount of time he was facing." (Affidavit of Sanford Knott, ¶2). Prior to a defendant entering a plea of guilty, the defendant is also advised by the Court of the maximum sentence he could receive if he pled guilty. The defendant in this case pled guilty without the benefit of a plea agreement. The defendant's attorney relates that the reason the defendant entered an open plea in this matter was to preserve "his right of appeal just in case" his attorney did not prevail in convincing the Court not to apply the cross reference in USSG §2C1.1(a). (Knot Aff't, ¶2).

"The voluntariness of a plea is determined by 'considering all of the relevant circumstances surrounding it.'" Fisher v. Wainwright, 584 F.2d 691, 693 (5th Cir. 1978)(quoting Brady v. United States, 397 U.S. 742, 749 (1970). In considering a challenge to a guilty plea, courts have focused on the absence of coercion, the defendant's understanding of the charges, and a realistic understanding of the consequences of a plea of guilty. United States v. Gracia, 983 F. 2d 625, 672-28 (5th Cir. 1993). The plea colloquy in this matter clearly reflects that the defendant understood that he could receive a sentence greater than 21 months.

4

It also reflects that the defendant understood the consequences of his entering a plea of guilty.  The record does not support the defendant's assertion that his plea was involuntary.

Additionally, the defendant has not shown that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.  A reasonable probability is a probability sufficient to undermine confidence in the outcome."  Strickland v. Washington, 466 U.S. 668, 694 (1984).

The defendant next asserts that Mr. Knott was ineffective because he advised the defendant to enter a plea of guilty without fully explaining the defense of entrapment.  This assertion by the defendant is also contrary to his counsel's recollection.  Mr. Knott states that prior to the defendant's plea of guilty, he advised the defendant about the defense of entrapment.  (Knott Aff't, ¶3).

Mr. Knott states that he reviewed the discovery and the law with the defendant and advised the defendant of his chances of success if he were to try to use the defense of entrapment. (Id.). The case against this defendant began when Jimmy Smith paid a bribe to a deputy to have his drug and firearms charges remanded.  Smith then advised the deputy, who was working the sting operation against Smith, that Smith's cousin, the defendant in this case, was aware of the deal that Smith and the deputy had made concerning the

bribe payoff.   Smith later advised the deputy that Williams was
interested in protecting shipments of cocaine passing through
Warren County.   The deputy then met with Williams and Williams
advised the deputy that they should time the deliveries of cocaine
between 2:45 p.m and 3:15 p.m., during the shift change at
Vicksburg Police Department.

To prevail on a defense of entrapment, a defendant must show
that he has a "lack of predisposition to commit the crime" and
"some governmental involvement and inducement more substantial than
simply providing an opportunity or facilities to commit the
offense."   U.S. v. Bradford, 113 F.3d 515, 521 (5th Cir. 1997).   In
this matter, the defendant was not a reluctant party.   After Smith
had advised the deputy that Williams was interested in protecting
shipments of cocaine, Williams and the deputy met.   Merely because
the government provided the opportunity to Williams to commit this
crime does not entitle him to the defense of entrapment.   U.S. v.
Ogle, 328 F.3d 183, 185 (5th Cir. 2003).

The defendant next raises several arguments that Mr. Knott was
ineffective for failing to argue for certain reductions at his
sentencing hearing.   He first argues that his prior counsel should
have argued for a reduction based upon sentencing entrapment –
"artificially enhancing" the defendant's sentence because of the
amount of drugs alleged to have been involved and for a gun
enhancement.   The defendant is correct in stating that sentencing

entrapment "occurs when a defendant, although predisposed to commit
a minor or lessor offense, is entrapped into committing a greater
offense.  U.S. v. Washington, 44 F.3d 1271, 1280 n. 29 (5th Cir.
1995).   The Fifth Circuit, however, has yet to decide whether
"sentencing enhancement is a cognizable defense." U.S v. Snow, 309
F. 3d 294, 295 (5th Cir. 2002).  Because the Fifth Circuit has yet
to make that determination, the defendant cannot show that "there
is a reasonable probability that, but for counsel's unprofessional
errors, the result of the proceeding would have been different.  A
reasonable probability is a probability sufficient to undermine
confidence in the outcome."  Strickland v. Washington, 466 U.S.
668, 694 (1984).

Even assuming that sentencing entrapment were a cognizable
defense, the defendant cannot show that this occurred under the
facts of this case.  The arrangement with the defendant was not
that he would protect certain amounts of cocaine, but that he would
receive $500.00 per kilo of cocaine he protected.  It would be
readily apparent that the defendant was therefore predisposed to
protect larger shipments of cocaine so that he could make more
money.  The defendant also alleges that his sentence was
manipulated because the deputy advised him to carry his gun when
"escorting" the drugs.  The defendant protected shipments of what
he believed was cocaine on February 21, 2003 and May 15, 2003.
According to the record in this case, the deputy did not request

7

that the defendant have his gun and badge in his possession until May 14, 2003.   However, the record reflects that the defendant advised the deputy that he was in possession of his gun and badge when he protected the first alleged shipment of cocaine on February 21, 2003.   Inasmuch as the defendant possessed a gun the first time he protected a shipment of purported cocaine, prior to that request being made by any agent of the government, there was no sentence entrapment.

The defendant also argues that his prior counsel was ineffective for not arguing for a reduction of offense levels under §3B1.2 and §3E1.1(b)of the United States Sentencing Guidelines. USSG §3E1.1(b) provides that if a defendant qualifies for a decrease under subsection (a) of §3E1.1, and has an offense level of 16 or greater, the government may make a motion for one (1) additional level reduction.   The adjustment under subsection (b) can only be granted upon a formal motion by the government.  (See section 401(g)(2)(B)of Public Law 108-21).   The government did not file such a motion in the defendant's case and the defendant's attorney has no authority to make such a motion under the provision of subsection(b).

A court lacks authority to overrule the government's refusal to file a motion under USSG §3E1.1(b) unless the government exhibits an unconstitutional motive not to file the motion or for reasons not rationally related to a legitimate governmental

interest.  U.S. v. Drennon, 516 F. 3d 160 (3rd Cir. 2008); U.S. v. Espinoza-Cano, 456 F. 3d 1126 (9th Cir. 2006).  The Fifth Circuit has also held that a defendant's refusal to waive appeal, as the defendant did in this matter, is a legitimate basis for the government to refuse to make a motion under USSG §3E1.1(b).  U.S. v. Newson, 515 F. 3d 374 (5th Cir. 2008).  Williams has therefore failed to establish that there is any merit to an ineffective assistance of counsel claim under the Strickland standard.

Finally, the defendant argues that his former counsel was also ineffective because he did not move for a reduction in the guideline range for being a minor participant under USSG §3B1.2. However, Application Note 2 of USSG §3B1.2 provides that "This guideline is not applicable unless more than one participant was involved in the offense ... .  Accordingly, an adjustment under this guideline may not apply to a defendant who is the only defendant convicted of an offense unless that offense involved other participants in addition to the defendant and the defendant otherwise qualifies for such an adjustment."  In this matter, there was only one participant and one defendant (Williams).  Therefore, the defendant was not eligible for a reduction for minor participant under USSG §3B1.2, and his counsel was not ineffective for not raising that issue at the defendant's sentencing hearing.

Inasmuch as the defendant has failed to meet the criteria for relief under 28 U.S.C. § 2255, the defendant's motion is without

merit and shall be denied.  Accordingly,

IT IS HEREBY ORDERED that the defendant Kevin Dewayne Williams' motion to vacate sentence pursuant to 28 U.S.C. § 2255 (**docket entry 38** in criminal no. 5:07-cr-7) is DENIED, and civil action no. 5:09-cv-197 shall be dismissed with prejudice.  A separate judgment in compliance with Fed.R.Civ.P. 52 shall issue.

SO ORDERED, this the 23rd day of May, 2011.


/s/ David Bramlette
UNITED STATES DISTRICT JUDGE